Eastern District of Kentucky
FILED
SEP 7 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-542-GWU

DEBORAH L. MAISE,                                    PLAINTIFF,

VS:                    MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT,

INTRODUCTION

Deborah Maise brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Maise, a 47 year-old former cashier, assembler, silk screener, packer, and kitchen helper with a "marginal" education, suffered from impairments related to hypertension, gastroesophageal reflux disease, degenerative joint disease of the left knee, an anxiety disorder, and a personality disorder with dependent features. (Tr. 15-16). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 24). Since the claimant was found able to return to her past relevant work as a packer, she could not be considered totally disabled. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Maise could return to her past relevant work as a packer, the ALJ relied heavily upon the testimony of Vocational Expert Bill Ellis. The hypothetical question presented by the ALJ included an exertional limitation

5

to light level work along with such non-exertional physical restrictions as (1) an inability to more than occasionally climb stairs or ramps; (2) an inability to ever climb ladders, ropes, or scaffolds, squat, stoop, kneel, bend from the waist to the floor, crouch, and crawl; (3) a need to avoid work around unprotected heights or dangerous or moving machinery as well as working on uneven surfaces; and (4) the need for a sit/stand option. (Tr. 498). The question also included a number of mental limitations including (1) a "seriously limited but not precluded" ability in such areas as relating to co-workers, interacting with supervisors, dealing with the public, behaving in an emotionally stable manner, and relating predictably in social situations; (2) a "seriously limited but not precluded" ability to demonstrate reliability if a job required interaction with other people but if not, a "limited but satisfactory" ability in this area; and (3) a "limited but satisfactory" ability to follow work rules, use judgment, deal with work stresses, function independently, maintain attention and concentration, handle job instructions. (Tr. 498-499). The ALJ further indicated that the individual would be capable of performing simple, repetitive tasks where co-worker and public contact would be minimal or none with supervision being direct and non-confrontational and changes in the work place infrequent and gradually introduced. (Tr. 499). In response, the witness testified that Maise's past work as a packer could still be performed. (Tr. 499). Ellis also identified the existence of a significant number of other jobs which could still be performed.[1] (Tr. 499). Therefore, assuming that the vocational factors considered by the vocational expert fairly characterized the plaintiff's condition, a finding of disabled status, within the meaning of the Social Security Act, is precluded.

---

[1] These jobs provide an alternative ground to affirm the administrative decision.

6

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. William Cable, an examining consultant, found no restriction with regard to stooping, standing, moving about, lifting, carrying, handling objects, reaching, or sitting. (Tr. 325). The extensive physical limitations of the hypothetical question are compatible with this opinion. No other treating or examining source, including the staff at the Pineville Community Hospital (Tr. 203-290, 309-316, 409-437, 465-478), Dr. Emanuel Rader (Tr. 378-408), and Dr. Lawrence Long (Tr. 455) identified the existence of more severe physical restrictions than those found by the ALJ. Therefore, this portion of the administrative decision is supported by substantial evidence.

The ALJ also dealt properly with the evidence relating to Maise's mental condition. The plaintiff's treating source at the Cumberland River Comprehensive Care Center rated her ability as only "slightly low" in such areas as societal/role functioning, interpersonal functioning, daily living/personal care functioning, physical functioning, and cognitive/intellectual functioning. (Tr. 486). The extensive mental limitations of the hypothetical question are consistent with this opinion. The question included all of the mental restrictions identified on a Mental Medical Assessment of Ability to Do Work-Related Activities Form completed by Psychologist Blaine Pinaire, an examining consultant. (Tr. 445-446). The question was also essentially compatible with the mental limitations indicated by Psychologist Gary Maryman, another examiner. (Tr. 320). Finally, the hypothetical factors were essentially consistent with the restrictions indicated by Psychologists Edward Ross (Tr. 352-353) and Edward Stodola (Tr. 371-372), the non-examining medical reviewers. These reports provide substantial evidence to support the administrative decision.

Maise argues that the hypothetical question did not fairly depict her

7

mental condition because the ALJ included additional mental factors which were not identified by Pinaire in the hypothetical question. After presenting all of the restrictions from Pinaire's assessment, the ALJ stated:

> notwithstanding those specific limitations assume that I might find her capable of performing simple, repetitive non-detailed tasks where co-worker and public contact would be minimal or none and, and/or infrequent. Supervision would be direct and non-confrontational, and changes in the workplace infrequent and gradually introduced.

(Tr. 499). The plaintiff asserts that this language significantly modifies the mental limitations indicated by Pinaire which otherwise, would be totally disabling. However, as previously noted, the hypothetical question as presented was consistent with the opinion of the treating source at Cumberland River which would normally be entitled to superior weight as well as the opinions of Maryman and the medical reviewers. These reports provide ample evidence to support the administrative decision. Furthermore, Pinaire specifically indicated in the text of his report that the claimant was capable of sustaining attention to perform simple, repetitive tasks and follow simple instructions in non-stressful situations.[2] (Tr. 444). Thus, the qualification in regard to simple, non-detailed repetitive tasks is consistent with the examiner's opinion. The limitations regarding supervision and co-worker and public contact appear consistent with the findings of Pinaire on the assessment. Finally, the restriction regarding infrequent and

---

[2]Pinaire also stated in the text of his decision that the plaintiff was currently unable to relate to others including fellow workers and supervisors or respond to work pressures or work with the public. (Tr. 444). These limitations are in sharp contrast to the examiner's notations on the assessment form where he indicated a "limited but satisfactory" ability to deal with the public and work stresses and a "seriously limited but not precluded" ability to relate to co-workers and interact with supervisors. (Tr. 445). The claimant has not raised these discrepancies as an issue. Furthermore, the ALJ's findings would still be consistent with the opinions of the treating source at Cumberland River, Maryman and the medical reviewers.

8

gradually introduced changes in the work place appears to be an additional limitation which would be to the plaintiff's advantage to include. Therefore, the Court finds any error to be harmless.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 7 day of September, 2006.

G. WIX UNTHANK
SENIOR JUDGE